[No. 40871.    En Banc.    October 1, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. LEWIS SQUALLY, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. ALVIN BRIDGES, *Appellant*.*

*MacDonald, Hoague & Bayless, David R. Hood,* and *Frederick L. Noland,* for appellants.

*Reported in 474 P.2d 897.

*Jerome L. Buzzard,* for respondent.

*Stan Pitkin* and *Jerald E. Olson,* amici curiae.

NEILL, J.—Defendants were convicted of fishing for salmon for commercial purposes in the Nisqually River Salmon Preserve in violation of § 220-47-020, Washington Administrative Code.[1] The trial court found that each defendant is, by relationship to the Nisqually Indian Tribe, a beneficiary of the 1854 Treaty of Medicine Creek. The defendants contend that their rights under this treaty render the prohibitory regulation invalid and unenforceable as to them. In view of our disposition of this case on other grounds, we do not reach the various issues raised by this contention.

Defendants assign error to the trial court's findings of fact Nos. 7 and 8:

> That WAC 220-47-020 . . . were properly and lawfully adopted, promulgated and published pursuant to R.C.W. 34.04.020, and in full force and effect on September 12, 1968 and September 13, 1968. [The dates on which defendants were arrested.]

Finding of fact No. 7.

> That sufficient notice of adoption of the regulation and the Department of Fisheries' intention to adopt said regulation declaring the Nisqually River Salmon Preserve a closed area for fishing for commercial purposes was given.

Finding of fact No. 8. Error is also assigned to the conclusion of law that the regulations are valid.

---

[1] "WAC 220-47-020—Salmon Preserves

"It shall be unlawful to take, fish for or possess salmon for commercial purposes taken in any of the salmon preserves described in this section unless otherwise provided in WAC 220-47-040 and WAC 220-47-060.

" . . .

"(8) 'Nisqually River Salmon Preserve' shall include those waters of Puget Sound and the Nisqually River lying inside, southerly and westerly of the following lines: A line projected 225 degrees true from a monument located at the east entrance of Wollochet Bay to Fox Island; and a line projected from Point Gibson on Fox Island true east to the mainland."

Our review of the record convinces us that these assignments of error are well-founded. The 1968 rule under which defendants were convicted was not properly adopted.

The rule in question was adopted in the spring of 1968. Prior to adoption, the Department of Fisheries gave notice to the Code Reviser's Office.[2] The notice contained the following description of the department's intended action:

> [The department] will hold a public meeting to consider the adoption for proposed changes in regulations controlling the taking of salmon for commercial purposes *in Puget Sound* for the year 1968. A summary of these proposals is attached hereto. A second public hearing will be held for the purpose of adopting such proposed changes as finalized at the above-mentioned meeting, at 10:30 a.m. Tuesday, March 19, 1968 in the small conference room of the General Administration Building, Olympia, Washington.

(Italics ours.) Neither the notice nor the attached proposal contains any mention of the Nisqually River Salmon Preserve or the Nisqually River.

Our Administrative Procedure Act expressly requires preadoption notice of proposed rules which must include "either the terms or substance of the proposed rule or a description of the subjects and issues involved." RCW 34.04.025(1)(a).[3]

The notice here in question contains no indication whatsoever that the proposed regulations would affect fishing on the Nisqually River. The notice refers only to "Puget Sound," a term which, to the ordinary reader, connotes the saltwater areas and not the inland waters of rivers flowing into the Sound. A person engaged in or intending to engage in commercial fishing in the Nisqually River would not be concerned with a proposed regulation

---

[2]The record is not clear as to whether the notice dissemination requirements of RCW 34.04.025(1)(a) were met, but for purposes of this opinion it is assumed that notice of the hearing was given to news media and to those persons who timely requested it.

[3]The same requirement, in identical language, existed prior to the 1967 amendment. RCW 34.04.020(3).

of commercial fishing in waters of Puget Sound. This reading and understanding of the notice is buttressed by the Department of Fisheries' own definition of "Puget Sound" as contained in its rules. The rule in effect at the time of this alleged offense was WAC 220-16-020 defining geographical districts,

(3) The term "Puget Sound" shall be construed to include all of the waters of Puget Sound outside the mouth of any river or stream including the Straits of Juan de Fuca, Georgia Strait, and all bays and inlets thereof.[4]

Further, the department's rule WAC 220-47-010(7) defining the "Puget Sound Salmon Fishing Areas" specifically excludes the Nisqually River. Thus, the department by its own definitions considers the Nisqually River as being in addition to, and not included within, the term "Puget Sound." This distinction is also reflected in the rule under which defendants were charged (see footnote 1, *supra*), but it is not reflected in the pre-adoption notice.

Under these circumstances, the notice of intent to adopt rules pertaining to "Puget Sound" cannot be considered an adequate "description of the subjects and issues involved" which will support a rule prohibiting commercial salmon fishing on the Nisqually River.

The trial court's conclusion that notice as to subject matter was sufficient was based on its premise that the prima facie effect of the departmental director's affidavit (RCW 75.08.100) was not contradicted by the rule itself, since the rule applied to all persons and did not need to specify Indians. The premise is defective. First, it measures the sufficiency of the pre-adoption notice by reference to the rule adopted without comparing the substance of the rule with that of the notice. Second, it focuses on the propriety of the rule as applying to particular groups of citizens rather than to affected geographic areas. Had the trial court focused on the latter subject, the discrepancy between the notice given and the rule adopted would have become clear.

This decision does not gainsay the state's purpose of con-

---

[4]This identical definition currently appears in WAC 220-16-210 under the caption of "Geographical Definitions."

serving our natural resources, a problem which becomes more exigent with each passing day. But the urgency for conservation should not distract from the necessity that procedures employed to accomplish this objective include fair and reasonable notice. Our Administrative Procedure Act operates to counter such distractions.

The pre-adoption notice in this case was deficient as to description of the subjects and issues involved. RCW 34.04.025 makes it clear that a rule adopted without substantial compliance with the notice requirements of the act is invalid.

Reversed and dismissed.

FINLEY, ROSELLINI, HAMILTON, McGOVERN, HALE, and STAFFORD, JJ., and DONWORTH and HILL, JJ. Pro Tem., concur.

